# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7072 | **DATE** | 12/30/2003 |
| **CASE TITLE** | Matrix IV, Inc. vs. American National Bank | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Motion hearing held on 12/29/03. For the reasons stated in the attached memorandum Opinion and Order, Matrix IV, Inc's. motion to supplement the record on appeal is denied. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 6 | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 31 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 2d |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 12/30/2003 | |
| | | courtroom deputy's initials | date mailed notice | |
| | hmb | | hmb | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MATRIX IV, INC., )
)
Appellant, )
v. ) Case No. 03 C 7072
)
AMERICAN NATIONAL BANK AND ) Magistrate Judge Nolan
TRUST COMPANY OF CHICAGO, INC.)
)
Appellee. )

## MEMORANDUM OPINION AND ORDER

This bankruptcy appeal has been referred to this Court for ruling on Appellant Matrix IV, Inc's ("Matrix") Motion to Supplement The Record on Appeal. The Court has considered the pleadings submitted by the parties and the oral arguments of counsel presented on December 29, 2003. For the reasons stated below, Matrix's motion is denied.

## BACKGROUND

In January 2003, the bankruptcy court held a trial on the issue of whether Matrix or American National Bank and Trust Company of Chicago, Inc. ("American") had a first priority lien in certain plastic injection molds ("Molds") that were owned by the debtor Stylemaster and in Matrix's possession. American states that it had a valid, perfected security interest in the Molds under the Uniform Commercial Code. Matrix asserted a lien on the Molds under the Illinois Tool and Die Lien Act and a common law artisan's lien.

Matrix argued in its post-trial Proposed Findings of Fact and Conclusions of Law that Stylemaster did not own the Molds because it had not "accepted" the Molds from their manufacturer. On August 18, 2003, the bankruptcy court entered a judgment in favor of American. In finding that

Stylemaster did exercise ownership rights in the Molds, the bankruptcy court stated:

> Matrix relies on the fact that both Wenk and Williams testified that certain new molds purchased from Costs Reductions were shipped directly to Matrix for testing, and that those molds were not deemed "accepted" until after they were fully debugged. Therefore, Matrix asserts that Stylemaster could not give a security interest in molds purchased from Cost Reductions prior to their acceptance, because it did not have "right in the collateral," as required by the second element of the test for creating an enforceable security interest.
>
> * * *
>
> ...Matrix's argument is without merit. The acceptance that Matrix refers to appears to be nothing more than an industry practice that determines when the cost of repair and debugging of a new mold shifts from the seller to the buyer. There is no evidence that it means anything else. Stylemaster appears to have had complete control over the molds in question, deciding where they should be shipped and how they would be used in production. There is no evidence that Stylemaster was prohibited from using the molds as collateral or that Cost Reductions had any input with regard to the disposition of the molds, other than approval of repair cost that it was required to pay during the debugging phase. Thus, Stylemaster exercised ownership rights in the collateral.

Matrix's Reply, Exh. B, pp. 18-19. On appeal, Matrix seeks to challenge the bankruptcy court's conclusion that Stylemaster exercised ownership rights in the collateral.

Matrix argues that the supplemental materials it seeks to enter into the record on appeal are relevant to the issue on appeal of whether Stylemaster had title to the Molds and thus whether it had the ability to grant American a lien on the Molds. Matrix wishes to supplement the record on appeal with the following materials that were entered in connection with the underlying chapter 11 bankruptcy case:

> 1) Order Authorizing Auction Sales, Approving Procedures, and Setting Hearing to Approve any Sale Combined With Notice, entered by the bankruptcy Court on April 3, 2002 ("Sale Order");
>
> 2) Transcript of proceeding before the Honorable Jack B. Schmetterer on April 19, 2002; and

3) Findings and Conclusions Supporting Order Authorizing S.M. Acquisition Co. d/b/a Stylemaster, Inc. to Sell Assets and to assume and Assign Certain Executory Contracts and Unexpired Leases entered by the bankruptcy Court on April 22, 2002 ("Sale Findings and Conclusions").

The supplemental materials consist of a transcript from the April 19, 2002 hearing on the sale of Matrix's operating assets ("Sale Hearing") and two related bankruptcy court orders. The Molds were not included in the April 19, 2002 sale. However, an issue arose at the Sale Hearing concerning other plastic-injection molds ("Sale Molds") and whether they were property of the bankruptcy estate. Matrix states that at the April 19, 2002 hearing before the bankruptcy court, Martha Williams, a Stylemaster principal, testified that because certain molds purchased by Stylemaster were in the debugging stage prior to Stylemaster's bankruptcy, the molds had not been accepted by Stylemaster. Thus, the molds were not property of the bankruptcy estate that could be sold with the rest of Stylemaster's assets. Matrix states that the Sale Order and Sale Findings and Conclusions are consistent with Williams' April 19, 2002 testimony because certain molds were excluded from the sale of the debtor's assets. Matrix claims that the bankruptcy court's finding that "the acceptance that Matrix refers to appears to be nothing more than an industry practice that determines when the cost of repair and debugging of a new mold shifts from the seller to the buyer," is contrary to Williams' April 19, 2002 testimony and the bankruptcy court's orders of April 3 and 19, 2002.

## DISCUSSION

American objects to Matrix's request to supplement the record on appeal on the grounds that the supplemental materials were not submitted to the bankruptcy court at the trial held in the adversary proceeding from which Matrix has appealed and that American would be prejudiced if the

3

district court considered these materials in deciding whether the bankruptcy court erred in entering judgment in American's favor. The Court addresses American's arguments in turn.

American first argues that Matrix waived its right to present the supplemental materials on appeal by failing to present them to the bankruptcy court at trial or as part of its Proposed Findings. Matrix points out that it unsuccessfully sought to incorporate William's April 19, 2002 testimony into the trial of the adversarial matter through Wenk. Matrix cites to Wenk's trial testimony on cross-examination as "evidence" that Williams' testimony at the April 19, 2002 hearing was presented at trial.

The scope of Matrix's appeal is limited to a review of the matters which were before the trial court at the time it entered the order from which the appeal is taken. In re Andy Frain Services, Inc., 1986 WL 1011, *2 (N.D. Ill. Jan. 7, 1986). Thus, the record on appeal "should contain all documents and evidence bearing on the proceedings below and considered by the bankruptcy judge in reaching his decision." In re W.T. Grant Co., 432 F.Supp. 105, 106 (S.D.N.Y.), aff'd 559 F.2d 1206 (2d Cir. 1977)); In re Prudential Lines, Inc., 1994 WL 142017, *2 (S.D.N.Y. April 20, 1994) (and cases cited therein).

The supplemental materials that Matrix seeks to add to the record on appeal were available at the time of the bankruptcy trial but not offered by Matrix. Williams testified at the trial of the adversarial matter, but Matrix did not question her regarding her prior testimony or regarding whether the Molds had been accepted as of the day Stylemaster granted American a lien. The bankruptcy court denied Wenk's attempt to reference Williams' April 19, 2002 testimony because it was not responsive to the question asked. See American's Resp., Exh. D, pp. 55. The bankruptcy court did not deny admission of Williams' prior testimony on relevancy grounds, and Matrix failed

4

to question Williams about her prior testimony at trial. Matrix's counsel admitted at oral argument that it failed to question Williams regarding her prior testimony because Matrix believed American had not met its burden of proving ownership of the Molds.

Matrix made a strategic decision not to question Williams regarding her prior testimony during the trial of the adversarial matter. Matrix had a full and fair opportunity to submit the supplemental materials to the bankruptcy court prior to the entry of judgment and chose not to do so. That choice precludes it from relying on materials never submitted to the bankruptcy court at the trial held in the adversary proceeding from which Matrix has appealed. Under these circumstances, Matrix cannot now complain about these omissions in the record on appeal. The district court should review the decision of the bankruptcy court on the basis of the record which was before the bankruptcy court when it made its decision and supplemental material that was not before the bankruptcy court should not be considered. See Winslow v. Williams Group, 134 B.R. 949, 958-59 (D. Colo. 1990) (striking materials from record on appeal that were not part of the record before the bankruptcy judge); In re Prudential Lines, Inc., 1994 WL 142017 at *2 (refusing to consider on bankruptcy appeal materials not before the bankruptcy judge at the time the challenged decisions were made); In re Armorflite Precision, Inc., 48 B.R. 994, 997 (D. Maine 1985) (same); see also In re Envirodyne Industries, Inc. 214 B.R. 338, 344-45 (N.D. Ill. 1997) (refusing to take judicial notice of two orders and an indictment from another district court where the documents were not included in the record before the bankruptcy court even though they existed at the time of the bankruptcy court's decision).[1] Matrix may still argue on appeal that American failed at trial to establish its

---

[1] In re Berge, 37 B.R. 705, 708 (Bankr. Wis. 1983), cited by Matrix, does not support supplementing the record on appeal in this case. The Berge court allowed items from the underlying bankruptcy case to be added to the record on appeal in an adversary proceeding because the parties

5

possession of and title to the Molds.

Matrix's request to supplement the record on appeal is also denied because American would be prejudiced by the admission of the supplemental materials and particularly, the admission of Williams' testimony at the April 19, 2002 Sale Hearing. At oral argument, American's counsel explained that Williams' April 19, 2002 testimony concerned unrelated molds produced by a different manufacturer at a different time and under different circumstances. American explains that if Matrix had asked Williams questions related to the issue of whether the Molds had been accepted as of the day Stylemaster granted American a lien, Williams would have had an opportunity to explain any apparent inconsistency between her April 19, 2002 testimony and Matrix's theory on acceptance of the Molds. American never questioned Williams regarding her prior testimony because Matrix failed to raise it during the trial. Matrix points out that American was present through counsel at the April 19, 2002 hearing and did not object to William's April 19, 2002 testimony or seek to cross-examine Williams. It is not surprising that American did not cross-examine Williams at the April 19, 2002 hearing because Williams was not testifying about American's collateral. American's failure to cross-examine Williams at the April 19, 2002 hearing regarding the Sale Molds does not waive American's right to cross-examine Williams regarding the Molds and allowing Matrix to supplement the record at this time would deny American that right.[2]

---

agreed to supplement the record. Here, American does not agree to use of the supplemental materials on appeal.

[2] Two bankruptcy cases have allowed supplementation of the bankruptcy record on appeal with materials which were not considered by the bankruptcy judge in reaching his decision. See In re Food Fair, Inc., 15 B.R. 569 (Bkrtcy. S.D.N.Y. 1981) and In re Saco Local Development Corp., 13 B.R. 226 (Bkrtcy. D. Me. 1981). Those cases are distinguishable from the instant matter because the courts there failed to find any prejudice to the non-moving party if the record was supplemented. In contrast, American has demonstrated that if Matrix is allowed to supplement the record with

## CONCLUSION

For the reasons explained above, Matrix's Motion to Supplement the Record on Appeal is denied. Counsel has ten days from the date of service to file objections to this Memorandum Opinion and Order with the Honorable Marvin E. Aspen. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. Fed. R. Civ. P. 72(a).

**E N T E R:**

**Nan R. Nolan**
**United States Magistrate Judge**

Dated: 12-30-03

---

Williams' Sale Hearing testimony, American will be denied the right to cross-examine Williams on Matrix's theory on acceptance of the Molds. Accordingly, if the district court disagrees with the result reached by this Court, the Court recommends that American be given the opportunity to cure any prejudice by supplementing the record with evidence explaining or challenging Williams' Sale Hearing testimony. See In re Hamady Brothers Food Markets, 110 B.R. 815, 817 (E.D. Mich. 1990); In re Huddleston v. Nelson Bunker Hunt Trust Estate, 102 B.R. 71, 74-75 (N.D. Tex. 1989).